## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        **Plaintiff,**

**vs.**                                 **Cr No. 03-2112 MV**

EDGAR LOPEZ-HERNANDEZ,

        **Defendant.**

### MOTION TO SEVER DEFENDANTS

Edgar Lopez-Hernandez, by and through counsel, Joe M. Romero, Jr., moves this Court pursuant to Fed.R.Crim.P. 8, 12 and 14, for an order severing his case from that of the present joinder with the current co-defendants in this case.  As grounds for this motion, Defendant states as follows:

1.      Defendant along with numerous other named co-defendants, are charged in drug conspiracy to possess and distribute marijuana.

2.      In the discovery disclosed to date by the government, the only named co-defendant with whom Defendant is alleged to have engaged in a specific drug transaction is Jorge Torres-Laranega.  This transaction is expressly outlined in Count III of the Second Superseding Indictment.  There exists little to no evidence to indicate that the defendant engaged in overt acts in furtherance of the alleged conspiracy with any named co-defendants other than Jorge Torres-Laranega.

3.      At most, the evidence establishes that Defendant was involved in a single and isolated drug transaction on May 18, 2003 involving himself and co-defendants Jorge Torres-Laranega and Martin Menndivil.  Based upon the discovery disclosed thus far, there exists no evidence that he ever acted jointly with any of the other named co-defendants in this case.

4.      Mere knowledge of illegal activity, even in conjunction with participation in a small part of the conspiracy, does not by itself establish that a person has joined in the single grand conspiracy charged in this case.  A single conspiracy does not exist solely because many individuals deal with a common central player;  they must be interconnected in some way.  *United States v. Evans*, 970 F.2d 663 (10th Cir. 1992). Many separate conspiracies do not become one merely because they all include a common defendant. *Evans*, 970 F.2d at 670-71.

5.      Separate spokes meeting at a common center constitute a wheel conspiracy only if those spokes are enclosed by a rim.  *Id.* What is required is a shared, single criminal objective, not just similar or parallel objectives between similarly situated people. It is not enough that a group of people separately intend to distribute drugs in a single area, nor even that their activities occasionally or sporadically place them in contact with each other. Id.  People in the same industry in the same locale (even competitors) can occasionally be expected to interact with each other without thereby becoming coconspirators.  Id. What is needed is proof that they intended to act together for their shared mutual benefit within the scope of the conspiracy charged. Id.

6.      Example of interdependence include the achievement of several integrated steps, including regular meetings between the defendants, the pooling of their resources to purchase drugs, and purchases of illegal drugs. To properly join Defendant in the conspiracy alleged in Count II, his conduct and the conduct of his alleged co-conspirators, may be diverse and far-ranging, but it must be interdependent in some way.

7.      Interdependence is present when each alleged co-conspirator depends on the operation of each link in the chain to achieve the common goal. In essence, the defendant's actions must facilitate the endeavors of other alleged coconspirators or facilitate the venture as a whole. *Evans, Id.*  In this case, there clearly does not exist such linkage between the Defendant and the

majority of the co-defendants in this case.

8.      Fed.R.Crim.P. 8 authorizes the joinder of offenses and defendants.  Fed.R.Crim.P. 14 recognizes that even if  joinder is proper under Rule 8, prejudice may result from the joinder necessitating severance.  *Zafiro v. United States*, 113 S. Ct. 933, 937 (1993).

9.      Under a Rule 14 request for relief from prejudicial joinder, the trial court is directed to "weigh the potential prejudice to the defendant against considerations of judicial economy and efficiency."  *United States v. Haworth*, 168 F.R.D. 658, 659 (D.N.M. 1986).  The court evaluates prejudice to the defendant's rights to a fair trial by analyzing whether "the trier of fact can distinguish the evidence and apply the law...."In evaluating judicial economy, the Court weighs the costs in time and money of separate trials against potential infringement on the defendant's constitutional rights.  The court should sever when it finds that separate trials would best safeguard defendant's rights to a fair trial and severance best serves the interests of judicial economy.

10.     Severance under Rule 14 should occur in the following situations:

> [when] . . . . there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.  Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a co-defendant.  For example, evidence of a co-defendant's wrong doing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty.

*Zafiro*, 113 S.Ct. at 938.

The *Zafiro* court also stated as follows:

> Evidence that is probative of a defendants guilt but technically admissible only against a co-defendant also might present a risk of prejudice.  See *Bruton v. United States*, 391 U.S. 123, (1968).  Conversely, a defendant may suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were

3

unavailable in a joint trial.

*Zafiro*, 113 S.Ct. at 938.

11.     Rule 14 merely requires an appearance of prejudice caused by a joinder before the Court may exercise its discretion and grant a severance.  In this case, the sole or primary inculpatory evidence disclosed thus far against Defendant Lopez-Hernandez, is his alleged involvement in a single alleged drug transaction with one co-defendant on May 18, 2003.

12.     As a result, the evidence in this case is so disproportionately weighted that the special remedy of severance under Rule 14 is warranted to provide Defendant relief from prejudicial joinder. Without a severance, a jury in this case will be required to listen to evidence naming numerous other defendants as co-conspirators, while it listens for an *absence* of information implicating or linking Defendant with the majority of the named co-conspirators in this case.  This will require the jurors to compartmentalize this lack of evidence of defendant's guilt and sit through a trial that has little to do with Defendant.  "Particularly where there is a great disparity in the weight of the evidence, strongly establishing the guilt of some defendants, the danger persists that guilt will improperly 'rub off on others*." United States v. Mardian,* 546 F.2d 973, 977 (D.C. Cir. 1976*)*.

13.     Additionally, this danger of guilt improperly rubbing off on Defendant is more likely when, as in this case, the evidence against one or more defendant is far more damaging than the evidence against the moving party. In such cases when there is a gross disparity in the quantity and venality of the testimony, it is fair to inquire whether the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants in the light of the volume of evidence and what at a massive joint trial would be numerous limiting instructions to the jury regarding the admissibility of evidence.  See, for example, *Krulewitch v. United Slates,* 336 U.S.

4

440, 4534 (1949) (It is difficult for the individual to make his own case stand on its own merits in the minds of jurors who are ready to believe that birds of a feather are flocked together.)

14.     The prejudice which will be caused to Defendant in trying him with all the named co-conspirators will impinge upon his right to a determination of his guilt based upon evidence fairly imputed to his culpability.  It will also be inefficient in terms of time and cost which this Court must consider under Rule 14.  If tried singly, or with the single co-defendant, trial will be short as the only substantive evidence will involved an alleged single drug transaction occurring on a specific date.

15.     Defendant respectfully suggests that the Court require the government to demonstrate, in an evidentiary hearing, that it has more evidence linking Defendant to the over-all conspiracy before Defendant is forced to trial jointly with all named co-defendants.

16.     The government opposes this request for severance.

Wherefore, Defendant Edgar Lopez-Hernandez respectfully requests that his trial be severed from the trial of the twelve (12) co-defendants.

Respectfully submitted,


By:      _____
         Joe M. Romero, Jr.
         Attorney for Defendant Lopez-Hernandez
         1905 Lomas NW
         Albuquerque, New Mexico 87104
         (505) 843-9776
         (505) 224-9554 (Facsimile)


I hereby certify that a true and correct
copy of the foregoing was mailed to
the U.S. Attorney's Office this  19th
day of April, 2004.

5

_____
Joe M. Romero, Jr.